OPINION OF THE COURT
Joseph P. Kuszynski, J.
A trial before a jury was held in Cattaraugus County on September 27 and 28, 1978. At the end of plaintiffs case for *264 conversion and trespass, it became clear that no question of fact was in issue — but one of law, specifically whether plaintiff as purchaser of an automobile from a dealer is entitled the protections afforded to consumers under subdivision (1) of section 9-307 of the Uniform Commercial Code.
The jury was then discharged and the parties stipulated on the amount of damages if the court found for the plaintiff. Submitted afterwards were memoranda on the law.
Plaintiff Robert A. Lindsley had purchased a used 1972 Ford Mustang automobile from H. R. Hunt Corporation, a dealer in new and used cars, located in East Aurora, New York, on October 23, 1976 and paid Hunt $2,031.65 for the vehicle.
On or about March 28, 1972 an earlier owner of the same vehicle, Virgil A. Aughtry, executed in favor of the defendant, Twenty-Nine Thirty-Nine Niagara Street Credit Union, a promissory note, a security agreement, and a standard form financing statement. This financing statement was filed in the Erie County clerk’s office on April 11, 1972 as provided in the Uniform Commercial Code. Aughtry then transferred the automobile to one Mary Cooper, who thereafter traded the automobile to plaintiff’s seller H. R. Hunt Corporation. This dealer and the credit union are located in Erie County.
Aughtry defaulted on his obligation with the defendant credit union some time prior to November 1, 1974 and the credit union referred the file to its attorney for collection purposes.
Plaintiff testified he had use of the automobile for five months when he received a phone call on March 30, 1977 from a Shirley Du Mont. She informed him, in substance, that she represented the defendant Financial Collection Agencies, Inc., which was acting on behalf of the credit union. She explained that there was an outstanding security instrument lien on the Ford Mustang, and that the automobile would be repossessed, but she would allow plaintiff several days to investigate his alternatives. Plaintiff stated he called Du Mont the following day, and was again informed that the automobile would soon be repossessed. He then advised his attorney as well as H. R. Hunt Corporation concerning the matter. On the night of April 5, 1977 the automobile was repossessed by defendants from plaintiff’s driveway.
Immediately afterwards plaintiff was informed by letter dated April 6, 1977 from defendant collection agency of the fact that his automobile had been repossessed by them and *265 that his personal property which was in the vehicle could be reclaimed by him at an address on Chicago Street in Buffalo.
Plaintiff initiated this action by service of a summons and complaint dated April 7, 1977, but for unexplained reasons never joined the H. R. Hunt dealership or the prior owners of the automobile as codefendants.
Article 9 of the Uniform Commercial Code controls secured transactions such as the one present in this litigation which was made in favor of the defendant credit union. (Uniform Commercial Code, §§ 9-101, 9-102.) Attention is particularly called to section 9-307 of the Uniform Commercial Code, entitled "Protection of Buyers of Goods”. Subdivision (1) reads in relevant part: "A buyer in ordinary course of business * * * takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence.” (Emphasis supplied.)
It is clear that plaintiff is not protected by subdivision (1) of section 9-307 of the Uniform Commercial Code. Although plaintiff was a buyer in the ordinary course of business, the security interest in question was not "created by his seller”, i.e., H. R. Hunt Corporation, but previously by Virgil Aughtry in favor of the credit union.
Nor is the plaintiff under the fact pattern herein, afforded any protection under subdivision (2) of section 9-307 of the Uniform Commercial Code which deals with buyers’ protection from existing security interests, since the finance statement covering the automobile was actually filed on April 11, 1972. (See Official Comment, McKinney’s Cons Laws of NY, Book 62 ti, Uniform Commercial Code, § 9-307, p 492; National Shawmut Bank v Jones, 108 NH 386.)
Any attempt to apply section 2-403 of the Uniform Commercial Code to the facts here is also inappropriate.
This court concludes that plaintiff’s purchase from H. R. Hunt Motor Corporation is subject to the security interest perfected for the benefit of the defendant credit union.
Although there is no precedent on the point of security interests not created by a seller dealer in New York, this court relies upon National Shawmut Bank v Jones (supra); Muir v Jefferson Credit Corp. (108 NJ Super 586). (See, also, United States v Hext, 444 F2d 804, 814; Black v Schenectady Discount Corp., 31 Conn S 521.)
The motion of defendants Financial Collection Agencies, Inc. *266 and Twenty-Nine Thirty-Nine Niagara Street Credit Union to dismiss the complaint is granted.